FILED
United States Court of Appeals
Tenth Circuit

July 14, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DAVID WEBB; BEN FREEMAN;
MICHAEL FREEMAN,

      Plaintiffs-Appellants,

v.

WEST COAST LIFE INSURANCE
COMPANY,

      Defendant-Appellee.

No. 08-3267
(D.C. No. 6:07-CV-01125-WEB)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **TACHA**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

This diversity action involves a decision by West Coast Life Insurance

Company (West Coast) to deny payment to plaintiffs of the proceeds of a life

insurance policy insuring the life of Diane Kelley. Ms. Kelley applied for the

policy on or about March 18, 2002. West Coast issued the policy soon thereafter.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Less than seven months later, on October 9, 2002, Ms. Kelley died of metastatic cancer. Following her death, plaintiffs submitted claims for the policy benefits, which West Coast denied. West Coast denied the claims because it found that Ms. Kelley had failed to disclose certain information in response to questions contained in the policy application. The omitted information concerned numerous visits she had with various physicians and specialists in the months preceding her application. She consulted these physicians for pains relating to suspected multiple myeloma, a form of cancer. West Coast determined that, had its insurance underwriters known of these medical visits and the findings made by her doctors, it would not have issued the insurance policy.

After West Coast denied their claims, plaintiffs filed this action in district court, alleging that West Coast breached the insurance contract by failing to pay life insurance policy benefits to them. West Coast counterclaimed for rescission of the policy on the basis of fraud. The district court granted West Coast's motion for summary judgment on plaintiffs' breach of contract claim and rescinded the policy. It found that the evidence demonstrated, for summary judgment purposes, that Ms. Kelley had misrepresented material facts in her application that resulted in West Coast issuing a life insurance policy; that the material misrepresentations were extensive; that Ms. Kelley entered into the life insurance contract fraudulently; that West Coast justifiably relied on her

misrepresentations; and that the information she failed to disclose was directly related to the cause of her death.

We review the district court's grant of summary judgment de novo, applying the same standard as the district court. *Pinkerton v. Colo. Dep't of Transp.*, 563 F.3d 1052, 1058 (10th Cir. 2009). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this determination, we "examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." *Pinkerton*, 563 F.3d at 1058 (quotation omitted). "At this stage, credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* (quotation omitted). But "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

On appeal, plaintiffs argue that the district court erred in granting West Coast the benefit of the reasonable inferences to be drawn from the evidence. They also argue that summary judgment is inappropriate because

factual issues remain concerning Ms. Kelley's intent in providing her answers on the insurance application.

Having reviewed and considered the parties' briefs, the record, and the applicable law, we AFFIRM the district court's grant of summary judgment and rescission of the policy, for substantially the same reasons the district court articulated in its well-reasoned decision of August 29, 2008.

Entered for the Court


John C. Porfilio
Circuit Judge